# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

ROBIN CLEVELAND

VERSUS

OUR LADY OF THE LAKE
HOSPITAL, INC.

NO. 2021 CW 0777

**NOVEMBER 05, 2021**

In Re:   Our Lady of the Lake Hospital, Inc., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 677879.

**BEFORE:   WHIPPLE, C.J., PENZATO AND HESTER, JJ.**

**WRIT GRANTED.** The trial court's July 13, 2021 judgment which denied the exception of prescription filed by Our Lady of the Lake Hospital, Inc. is reversed. Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start the running of prescription. When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment, and there is no effort by the health care provider to mislead or cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the cause of action is reasonably knowable to plaintiff. Failure to act by a plaintiff for more than one year under these circumstances is not reasonable. **Request for Medical Review Panel by Wilson v. Whitfield**, 2017-1723 (La. App. 1st Cir. 5/23/19), 277 So.3d 370, 375-76, writ denied, 2019-00983 (La. 10/1/19), 280 So.3d 157, writ denied sub nom., **Andrews v. Berkshire Hathaway Insurance Company**, 2019-01114 (La. 10/8/19), 280 So.3d 591, citing **Campo v. Correa**, 2001-2707 (La. 6/21/02), 828 So.2d 502. In this case, plaintiff was aware of the infection and the possible consequences no later than July 26, 2016, when she was discharged from Our Lady of the Lake Hospital. Accordingly, the filing of the claim against Our Lady of the Lake Hospital, Inc. more than one year later was untimely. La. R.S. 9:5628. The exception of prescription filed by Our Lady of the Lake Hospital, Inc. is granted, and plaintiff's claims against Our Lady of the Lake Hospital, Inc. are dismissed.

VGW
AHP
CHH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT